1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| FERRARI S.P.A., an Italian corporation; and FERRARI IDEA, S.A., a Swiss corporation, | CASE NO. CV99-10205 DSF (JCx) |
| | **PROTECTIVE ORDER** |
| Plaintiffs, | **[CHANGES MADE BY COURT]** |
| v. | |
| EXOTO, INC., | |
| Defendant. | |

Pursuant to agreement between Plaintiff Ferrari S.P.A. ("Ferrari") and Defendant Exoto, Inc. ("Exoto") and approval of the Court, this Protective Order, as modified, shall govern the production of Confidential documents, deposition testimony and information in this action.

## I.      PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Confidential documents, deposition testimony and information produced in this action.

## II.     DESIGNATION OF CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION

Any party or non-party who either produces documents or information, provides written discovery responses or gives deposition testimony in this action may designate such documents, responses, deposition testimony or information as "Confidential" or "Confidential -- Attorneys' Eyes Only" in accordance with the provisions of this Paragraph:

The parties and any non-party shall limit to whatever extent possible designating information as "Confidential" or "Confidential -- Attorneys' Eyes Only."

### A.      <u>Criteria For Classification</u>

1.      "Confidential" documents, deposition testimony or information.  A party or non-party may designate documents, deposition testimony or information as "Confidential" if the party or non-party making such designation reasonably believes that the documents, deposition testimony or information contains or

discloses trade secrets or other confidential technical or commercial information that has not been made public.

2.     "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information.  A party or non-party may designate documents, deposition testimony or information as "Confidential -- Attorneys' Eyes Only" if (a) the party or non-party making such designation reasonably believes that the documents, deposition testimony or information satisfy the criteria for designating such documents, deposition testimony or information as "Confidential" pursuant to Paragraph II(A)(1) above; and (b) the designating party believes, in good faith, the disclosure of the documents, deposition testimony or information is likely to cause harm to the competitive position of the designating party or non-party holding proprietary rights thereto.  Such "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information may include, without limitation, source code, trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees.

3.     Production of source code shall be subject to the following additional conditions:

(a) All electronic copies of source code (including any summary or derivative works that replicate or summarize, in whole in part, such materials) made available to the receiving party must, except when in use, be password protected.

(b) All electronic copies of source code to be made available to receiving parties shall be loaded and maintained on only one computer at the offices of counsel for each Party and one computer at the office of an expert properly disclosed and authorized pursuant Paragraph III below.  The source code shall be kept in a secure location, under lock and key, in such a manner as to prevent misappropriation of the source code.  The source code shall be kept on a stand-alone computer that is not connected to any computer network.

(c)     Other than the copy made when the source code is loaded onto a computer, no person from or on behalf of the receiving party is permitted to make any electronic copies of any portion of the source code unless necessary to be used as an exhibit at trial or taking of testimony in this matter, unless express permission if provided by the disclosing party.

(d)     The source code (in whole or in part) may be printed only when necessary in good faith for the analysis of the source code, for the preparation of pleadings or other submissions to the Court, or for use in a deposition or other proceeding in this litigation.  All printouts shall be marked "Confidential -- Attorneys' Eyes Only," printed out on non-while paper, and maintained at the offices of the receiving parties' qualified consultant, expert, or outside counsel under lock and key.  All printouts shall be logged with the date, time, and files printed, as well as the identity of the individual printing the files.  All printouts shall be destroyed once they are no longer needed.

After conclusion of litigation, subject to the retention provisions of Section VI. of this Protective Order,[1] all storage media that have contained a copy of the source code shall be returned to the designating party (except storage media in the possession of the Court/Court personnel) and all persons receiving the source code (other than the Court/Court personnel) shall certify to the designating party that such media have been reformatted, otherwise cleaned to remove entirely all of the source code, or destroyed.

### B.   Time Of Designation

Unless otherwise agreed between counsel for the parties, the designation of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information shall be made at the following times:

1.   For documents or things, prior to providing the receiving party with a copy of any requested document or thing.  Documents and things produced for inspection shall be inspected only by persons entitled to receive "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information pursuant to Paragraph III(B) below.  Between the time of inspection and the time of receipt of a copy of any requested document or thing, the information contained therein shall be treated as "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information and shall not be disclosed or used, except in accordance with the provisions of this Protective Order governing "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information;

---

[1] As used herein, "conclusion of litigation" is defined as the date on which this matter is resolved or settled or on which all appeals and rights to appeal have been exhausted, whichever is later.

2672061.3

2.      For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

3.      For deposition testimony, at the time such deposition testimony is given, by a statement designating the deposition testimony as "Confidential" or "Confidential -- Attorneys' Eyes Only" made on the record or as set forth in Paragraph II(C)(4) below.

To the extent a party or non-party does not timely designate documents, deposition testimony or information as "Confidential" or "Confidential -- Attorneys' Eyes Only" such party or non-party may so designate documents, deposition testimony or information as provided under Paragraph II(D), below.

C.      **Manner Of Designation**

The designation of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information shall be made in the following manner:

1.      For documents, placing the notation "Confidential" or "Confidential -- Attorneys' Eyes Only" on each page of such document containing such "Confidential" or "Confidential -- Attorneys' Eyes Only" information;

2.      For tangible items, by placing the notation "Confidential" or "Confidential -- Attorneys' Eyes Only" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

3.      For declarations, written discovery responses, court filings or pleadings, by placing the notation "Confidential" or "Confidential -- Attorneys'

Eyes Only" both on the face of such document and on any particular designated pages of such document; and

4.     For deposition testimony, by orally designating such deposition testimony as being "Confidential" or "Confidential -- Attorneys' Eyes Only" at the time the deposition testimony is given.  Thereafter, the original and all copies of the "Confidential" or "Confidential -- Attorneys' Eyes Only" portions of the transcript of any such deposition testimony shall be separately bound and marked by the Court Reporter with the legend "'CONFIDENTIAL' OR 'CONFIDENTIAL -- ATTORNEYS' EYES ONLY.'"  Such transcript and deposition testimony shall be disclosed and used only in accordance with the provisions of this Protective Order.  At the request of Counsel for the designating party supplying the "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information, only persons entitled under Paragraph III(A) hereinafter as to "Confidential" and/or Paragraph III(B) hereinafter as to "Confidential -- Attorneys' Eyes Only" information shall be permitted to attend that portion of a deposition wherever or whenever any such "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information of such designating party is used or elicited from the deponent.

In addition to the above, counsel for any party or non-party may designate a deposition as "Confidential" or "Confidential -- Attorneys' Eyes Only" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed.  Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony.  All deposition testimony shall be treated as "Confidential -- Attorneys' Eyes Only" until the expiration of the ten (10) business day period and, if the aforesaid written list is

1    served upon counsel, shall be treated as "Confidential" or "Confidential --
2    Attorneys' Eyes Only" as so designated.

3

4         **D.**    **Subsequent Designation**

5         Failure to designate and/or mark any document, deposition testimony or
6    information as "Confidential" or "Confidential -- Attorneys' Eyes Only" shall not
7    preclude the designating party from thereafter in good faith making such a
8    designation and requesting the receiving party to so mark and treat such
9    documents, deposition testimony, or information so designated.  Such designation
10   and request shall be made in writing.  Once notified of the designation, the
11   receiving party, must make reasonable efforts to assure that the document,
12   deposition testimony or information is thereafter treated in accordance with the
13   provisions of this Order, including making reasonable efforts to recover and return
14   to the designating party all non-designated versions of any document, deposition
15   testimony, or information that contains "Confidential" and/or "Confidential --
16   Attorneys' Eyes Only" information, and to notify all receivers of the non-
17   designated versions of document, deposition testimony, or information of the
18   designation.  After such designation, such documents, deposition testimony or
19   information shall be fully subject to this Protective Order.  Provided the receiving
20   party and its counsel act in good faith to secure compliance with the terms of this
21   Protective Order with respect to such "Confidential" and/or "Confidential --
22   Attorneys' Eyes Only" information following its designation, the receiving party
23   and its counsel, shall incur no liability for disclosures made prior to notice of such
24   designation.  The designating party may request in writing, and the receiving party
25   shall within 10 day of such a request provide, an identification in writing of all
26   persons not qualified under this Protective Order who have received the
27   "Confidential" and/or "Confidential -- Attorneys' Eyes Only" information prior to
28   the time it was so designated.

## E.     <u>Resolution Of Disputes Regarding Designation</u>

The acceptance by a party of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information shall not constitute an admission or concession or permit an inference that such "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information are, in fact, "Confidential" or "Confidential -- Attorneys' Eyes Only." However, the documents, deposition testimony or information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth in this Paragraph.

If a receiving party, at any time, wishes to have the "Confidential" or "Confidential -- Attorneys' Eyes Only" designation of any particular documents, deposition testimony or information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason therefor.  Within ten (10) business days of the service of such request, counsel for the party or nonparty seeking confidential treatment shall serve its response in writing to any such notification by either:  (i) withdrawing such designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the party or non-party designating the particular documents, deposition testimony or information believes it is entitled to the designation.  If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party or nonparty seeking confidential treatment may either comply with Local Rule 7-19/Paragraph 11 of the Standing Order for Cases Assigned to Judge Dale S. Fischer (*ex* parte application) or 37-2 (Joint Stipulation) to seek permission of the Court to so designate the particular documents, deposition testimony or information.  Unless otherwise extended by consent of the parties, the designating party or nonparty shall file its *ex parte* application or joint stipulation within 14 days of the Local Rule 37-1 meet and confer conference.  The

designating party or nonparty shall have the burden of proving that such particular documents, deposition testimony or information are properly designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" pursuant to Article II.  If such application or motion is timely made, the parties shall treat the document, deposition testimony or information as originally designated until the motion is decided by the Court.

## III.   PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION MAY BE DISCLOSED

### A.   <u>Disclosure Of Documents, Deposition Testimony And Information Designated As "Confidential"</u>

Documents, deposition testimony or information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

1.   The receiving party's outside counsel of record, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

2.   Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3.   Expert witnesses or consultants retained by the receiving party or its respective attorneys in connection with this action who have complied with

1   Paragraph III(E), below, and the employees of such experts or consultants who are

2   assisting them, only to the extent the information disclosed is pertinent to the

3   expert witness' or consultant's opinions;

4

5         4.     The Court, its clerks, assistants, and secretaries, and any court reporter

6   retained to record proceedings before the Court; and

7

8         5.     Up to five (5) party representatives (and such party representatives'

9   support and clerical staff), to be designated by each party by written notice prior to

10   the disclosure of "Confidential" information to such representative and provided

11   that any such party representative has signed an Undertaking, as provided in

12   Paragraph III(C), below.

13

14       **B.**     **<u>Disclosure Of Documents, Deposition Testimony And Information</u>**

15              **<u>Designated As "Confidential -- Attorneys' Eyes Only"</u>**

16         Documents, deposition testimony and information designated as

17   "Confidential -- Attorneys' Eyes Only" may be disclosed and copies may be

18   provided by the receiving party only to:

19

20         1.     The receiving party's outside counsel, and such counsel's support

21   staff, legal assistants and clerical personnel.  For the avoidance of doubt, Exoto's

22   outside counsel expressly excludes Eileen Keusseyan;

23

24         2.     Any non-party support services including, but not limited to, outside

25   copying services, and document imaging and database services, graphics or design

26   services, jury or trial consulting services, outside court reporting services and court

27   reporters as may be reasonably necessary in connection with the preparation or

28   conduct of this action;

3.      Expert witnesses or consultants, and the employees of such experts or consultants who are assisting them, retained by the receiving party or its respective attorneys in connection with this action who have complied with Paragraph III(E), below, only to the extent the information disclosed is pertinent to the expert witness' or consultant's opinions;

4.      The Court, its clerks, assistants, and secretaries, and any court reporter retained to record proceedings before the Court in which event such information shall be submitted for filing under seal pursuant to Local Rule 79-5 and paragraph 6 of the Standing Order for Cases Assigned to Judge Dale S. Fischer; and

Nothing herein shall preclude the receiving party's outside counsel of record from providing advice to its clients based on "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information, without disclosing the substance of the "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information.

**C.      <u>Undertaking Required By Party Receiving "Confidential" Or "Confidential -- Attorneys' Eyes Only" Documents, Deposition Testimony And Information</u>**

Any recipient of another party's Confidential documents, deposition testimony and information subject to this Protective Order, except persons entitled to receive "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information pursuant to Paragraphs III(A)(2) or (4) and III(B)(2) or (4), prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order.  Any recipient of another party's documents, deposition testimony or information subject to this Protective Order, except persons entitled to receive "Confidential" or "Confidential -- Attorneys' Eyes Only" documents,

deposition testimony and information pursuant to Paragraph III(A)(1), (2) and (4) and Paragraph III(B)(1), (2) and (4), shall agree to be bound thereby by executing an agreement, in the form attached hereto, certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms and, specifically, that the recipient will not disclose any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information except as provided in this Protective Order, and will not use any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information except for the purpose of this litigation.  A copy of such signed agreement shall be provided by the receiving party's counsel of record to the designating party counsel of record prior to providing the recipient with any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information.

**D.    Additional Authorized Disclosure Of Documents, Deposition Testimony Or Information Designated As "Confidential" or "Confidential -- Attorneys' Eyes Only"**

Notwithstanding anything to the contrary in Paragraphs III(A) or III(B) above, particular documents, deposition testimony and information that have been designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" may be disclosed and copies may be provided:

1.    To persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document or for whom, at deposition testimony, a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it;

2672061.3

12

2.      To any other persons with the prior written consent of the party or non-party that designated such particular document, deposition testimony and information as "Confidential" or "Confidential -- Attorneys' Eyes Only;" and

3.      To any other persons with the prior authorization of the Court.

**E.      Disclosure To Expert Witnesses Or Consultants**

Prior to disclosing or providing copies of any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information to any expert witness or consultant pursuant to Paragraphs III(A) or III(B) above, the person or party making such disclosure shall first obtain the agreement of the expert witness or consultant to whom such disclosure will be made to be bound by the terms of this Protective Order as set forth in the attached form agreement.  In addition, at least ten (10) business days prior to making such disclosure to an expert witness or consultant, the person or party making such disclosure shall serve upon the designating party:

1.      A copy of the agreement signed by the expert witness or consultant;

2.      The identity of the expert witness or consultant;

3.      The identity of the present employer of the expert witness or consultant;

4.      A list of the general areas of expertise of the expert witness or consultant;

5.      A brief job history of the expert witness or consultant for the past three years; and

6.      A list of all present or prior relationships between the expert witness or consultant and the receiving party, its subsidiaries or its affiliates.

**F.      Resolution Of Disputes Regarding Disclosure To Expert Witnesses Or Consultants**

Any party may object to a proposed disclosure to an expert witness or consultant ("Proposed Disclosure") by sending a letter within seven (7) business days after service of the signed agreement and information set forth in Paragraph III(E).  Thereafter, the party seeking to make the Proposed Disclosure may serve a Local Rule 37-1 letter stating the reasons why the party believes such expert witness or consultant should receive "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information.  If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party seeking to make the Proposed Disclosure may either comply with Local Rule 7-19/ Paragraph 11 of the Standing Order for Cases Assigned to Judge Dale S. Fischer (*ex* parte application) or 37-2 (Joint Stipulation) to seek to allow the Proposed Disclosure.  The party who objects to the Proposed Disclosure shall have the burden of demonstrating that the documents, deposition testimony or information should not be disclosed.  There shall be no disclosure to such expert or consultant until the Court has ruled upon the application or motion, and then only in accordance with the ruling so made.  The filing and pendency of such motion shall not limit, delay or defer any disclosure of the "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the motion and the inability to

2672061.3

1   disclose Confidential documents, deposition testimony and information bear

2   directly on the non-objecting party's ability to conduct such discovery.

3

4   **IV.   USE OF "CONFIDENTIAL" OR "CONFIDENTIAL -- ATTORNEYS'**

5   **EYES ONLY" DOCUMENTS, DEPOSITION TESTIMONY AND**

6   **INFORMATION**

7       **A.   <u>Use Of Designated Documents and Information</u>**

8       1.   "Confidential" or "Confidential -- Attorneys' Eyes Only" documents,

9   deposition testimony and information shall be used by the receiving parties, their

10   respective agents, and any other persons to whom such documents, deposition

11   testimony and information may be disclosed pursuant to the Protective Order, for

12   no purpose other than: (a) the prosecution or defense of this action; or (b) as

13   otherwise compelled by lawful process (provided the designating other party is

14   given reasonable notice to object); (c) as otherwise required by law; (d) for use in

15   any related administrative or judicial proceeding(s) involving one or more of the

16   same patents, subject to such terms and conditions as are acceptable to the Court;

17   or (e) as permitted by the Court.

18

19       2.   [DELETED]

20

21       3.   Notwithstanding the parties' designation of "Confidential" or

22   "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or

23   information, any Court hearing that refers to or describes "Confidential" or

24   "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or

25   information may be held in open court with records unsealed, provided the

26   designating party is afforded reasonable notice of the receiving party's intent to

27   disclose such "Confidential" or "Confidential -- Attorneys' Eyes Only" documents,

28   deposition testimony and information in open court, so that the designating party

has a reasonable opportunity to seek to maintain the confidentiality of the "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information.  However, any party may request that the proceedings be conducted in camera out of the presence of any unqualified persons, and any transcript relating thereto be designated as "Confidential" or "Confidential -- Attorneys' Eyes Only" and prepared in accordance with the provisions of Paragraph II(C) above.

4.      In the event a party wishes to use any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information of the other party in any affidavits, briefs, memoranda of law, or other papers to be filed in Court in this litigation, the party shall comply with Local Rule 79-5 and paragraph 6 of the Standing Order for Cases Assigned to Judge Dale S. Fischer.

5.      The parties shall provide each other with a list of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information to be used at trial at such time as the list of exhibits is ordered by the court to be exchanged among the parties to enable the designating party sufficient opportunity to seek a protective order.  Any such "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information which is designated by any party to be introduced at trial may be offered into evidence in open court unless the opposing party obtains an appropriate protective order from the Court before its introduction.  Should a party at trial determine that reference to previously unlisted "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information is necessary for impeachment or due to surprise, the provisions of Paragraph IV(A)(3) shall be applied.

6.      Nothing in this Protective Order shall affect the admissibility of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information.  This Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

7.      In the event any person in receipt of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information shall receive a written request, subpoena, or Court Order seeking disclosure of another party's "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

8.      A party producing any document or thing for inspection may retain the original of such document or thing which is subject to this Protective Order, but the receiving party, by its counsel of record, shall have the right to examine the original, to be provided with a full and complete copy thereof at its expense, and to call for production of the original at the trial of this action, if reasonably necessary.

## V.     DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any document, deposition testimony or information subject to this Protective Order shall not apply to any document, deposition testimony or information designated as being subject to this Protective Order which:  (a) was lawfully in the receiving party's possession prior to the receipt from the supplying party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other party; (d) is discovered independently by the receiving party; or (e) is exempted from the provisions of this Protective Order by written consent of the party producing such "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information.

Notwithstanding the provisions of Article III above, nothing herein shall prevent any producing party from using or disclosing its own "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information as it deems appropriate.  Nothing in this Order shall preclude any party from showing an employee of a designating party at a deposition of that employee any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information of the designating party.

## VI.    RETURN OF DOCUMENTS, DEPOSITION TESTIMONY OR INFORMATION

Within sixty (60) days after conclusion of litigation, outside counsel for each receiving party or other individual subject to this Protective Order (which does not include the Court and Court personnel) shall be under an obligation to assemble and return to the designating party, or to destroy (and certify the destruction)

2672061.3

18

should the designating party so permit, any document, deposition testimony and information subject to this Protective Order and all copies thereof.  Any copy of any document, deposition testimony or information designated by the opposing party as "Confidential" or "Confidential -- Attorneys' Eyes Only" containing notes of outside counsel may be destroyed rather than returned.  Notice of the return or destruction of any "Confidential" or "Confidential -- Attorneys' Eyes Only" document, deposition testimony or information shall be made in writing, and notice of receipt thereof shall be acknowledged in writing.  Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information and litigation documents containing "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information which become part of the record of this action, including pleadings, briefs, deposition transcripts and exhibits, but such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Protective Order, during the course of this action.

## VII.  SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action.  The Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information disclosed under protection of this Protective Order.

## VIII.  INADVERTENT PRODUCTION

The inadvertent or mistaken disclosure of any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information by a producing party, without the designation required under Article II, above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving party promptly after the producing party's discovery of such disclosure.  Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party to whom "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony or information was inadvertently disclosed; and upon receipt of these properly marked documents, the receiving party shall return to the producing party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the producing party.  The receiving party or parties shall promptly return to the producing party such document or thing, including all copies of such document or thing, and portions thereof, and shall not retain any copies thereof.  Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for any order that such document or

1  thing has been improperly designated or should be producible for reasons other

2  than a waiver caused by the inadvertent production.

3

4  **IX.   NO IMPLIED WAIVER OR ADMISSION**

5         No party shall be obligated to challenge the propriety of any designation of

6  "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition

7  testimony or information by another party or non-party, and the failure to do so

8  shall not constitute a waiver or otherwise preclude a subsequent challenge to the

9  designation.

10

11  **X.   NOTICE AND SERVICE**

12        For purposes of any provisions in this Protective Order requiring or

13  permitting service of a notice, objections, requests, responses, designations or the

14  like, service shall be accomplished either by email or by overnight delivery via a

15  commercial delivery service to all counsel of record.  When served via email,

16  service shall be deemed complete on the date of transmission if the electronic

17  transmission occurs before 5:00 p.m. Pacific time; otherwise, service shall be

18  deemed complete the next business day.  Service via overnight delivery shall be

19  deemed complete upon delivery.

20

21        IT IS SO ORDERED this 30th day of June, 2010.

22

23

24        /s/ Jacqueline Chooljian
          United States Magistrate Judge

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRARI S.P.A., an Italian corporation; and FERRARI IDEA, S.A., a Swiss corporation,<br><br>        Plaintiffs,<br><br>     v.<br><br>EXOTO, INC.,<br><br>        Defendant. | CASE NO. CV99-10205 DSF (JCx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I have read the Protective Order governing the production of "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and other information in the above-captioned matter ("Order"). I understand the terms of the Order and agree to be fully bound by them, specifically, that I will not disclose any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information except as provided in the Order, and will not use any "Confidential" or "Confidential -- Attorneys' Eyes Only" documents, deposition testimony and information except for the purpose of this litigation. I hereby submit to the jurisdiction of the U.S. District Court, Central District of California, for purposes of enforcement of the Order. I understand that any violation of the terms of the Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Date:_____

_____

Signature

2672061.3

22